## Applegate *vs* Hogan.

### ERROR TO THE JEFFERSON CIRCUIT.

#### *Damages. Construction of contracts.*

ASSUMPSIT.

*Case* 26.

*January* 2.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

THE declaration in this action of assumpsit, alleges a contract by which the plaintiff, Hogan, undertook to deliver to the defendant, at Louisville, a boat load of corn in sacks, as soon as he could bring his boat from Madison county, for which the defendant was to pay, on delivery, 65 cents per bushel. In the absence of any usage applicable to such a contract at Louisville, we are of opinion that the plaintiff was not bound to transport the corn to the store of the defendant, but that the corn was to be delivered in, or at the boat, and that upon the boat loaded with corn in sacks being moored or landed at Louisville, or upon the corn itself being there landed, notice of the fact to the defendant, with the request that he should receive and pay for the corn, was a sufficient tender of performance on the part of the plaintiff, the refusal of which made the cause of ac-

A contract to deliver corn at Louisville in sacks as soon as it could be brought in boats —the place of delivery is at the boat.

APPLEGATE
*vs*
HOGAN.

The price of a lot of corn of about the same number of bushels, on or about the day of the refusal to receive and pay for the corn according to contract, was the proper inquiry in ascertaining the damages.

tion complete. In this view of the contract, the declaration is substantially good, and the demurrer was properly overruled.

The evidence authorized the jury to find that the contract was as alleged in the declaration, and that the corn was tendered and refused as above. And although there is no direct evidence of the value of the boat load of corn on the day of the tender, the two sales made by the plaintiff, which were proved to be at the best price that could be obtained, formed, in the absence of other evidence, a sufficient criterion of value. And as the jury had a right to presume that the corn was sold as soon as it could be sold, and for the best price, we are of opinion that they might well take both sales into consideration as evidence of the value on the day, and give damages equivalent to the difference between the contract price and the price actually obtained. The question was not as to the market value of a few bushels, but of the entire boat load, (2,108 bushels,) of corn on the day. The sale of 50 bushels at 45 cents, on or about that day, and the sale of the entire residue, 2,058 bushels, a few days aftewards, at 40 cents, being the best and earliest sales that could be made, furnished the actual evidence of the damage sustained by the nonperformance of the defendant's contract. And as there was no other evidence of the value of the article, the jury had a right to assume that 50 bushels of corn might have been sold on the day, at 45 cents, but that the boat load, or the remaining 2,058 bushels could not have been sold on the day, or afterwards, for more than 40 cents per bushel. We cannot say, therefore, that the damages were excessive, or that the Court erred in refusing a new trial.

Wherefore, the judgment is affirmed.

*Duncan & Ripley* for plaintiff; *Pirtle & Speed* for defendant.